# EXHIBIT 1



Edmund G. Brown Jr., Governor
State of California
Health and Human Services Agency

**Department of Managed Health Care**
980 9th Street, Suite 500
Sacramento, CA 95814-2725
Phone: (916) 324-8176
Fax: (916) 255-5241

August 22, 2014

**VIA ELECTRONIC MAIL & U.S. MAIL**

John Ternan
President of Aetna Health of California, Inc.
Aetna Health of California, Inc.
2625 Shadelands Drive
Walnut Creek, CA 94898

Re: Limitations or Exclusions of Abortion Services

Dear Mr. Ternan:

It has come to the attention of the Department of Managed Health Care (DMHC) that some Aetna Health of California, Inc. (Aetna) contracts contain language that may discriminate against women by limiting or excluding coverage for termination of pregnancies. The DMHC has reviewed the relevant legal authorities and has concluded that it erroneously approved or did not object to such discriminatory language in some evidence of coverage (EOC) filings. The DMHC has performed a survey and has discovered that such language is present in EOCs for products covering a very small fraction of California health plan enrollees.

The purpose of this letter is to remind plans that the Knox-Keene Health Care Service Plan Act of 1975[1] (Knox Keene Act) requires the provision of basic health care services and the California Constitution prohibits health plans from discriminating against women who choose to terminate a pregnancy. Thus, all health plans must treat maternity services and legal abortion neutrally.

Exclusions and limitations are also incompatible with both the California Reproductive Privacy Act and multiple California judicial decisions that have unambiguously established under the California Constitution that every pregnant woman has the fundamental right to choose to either bear a child or to have a legal abortion.[2,3]  A health plan is not required to cover abortions that would be unlawful under Health & Safety Code § 123468.

---

[1] Health & Safety Code § 1340, et seq.
[2] Consistent with 42 U.S.C. § 18054(a)(6), this letter shall not apply to a Multi-State Plan.
[3] Although health plans are required to cover legal abortions, no individual health care provider, religiously sponsored health carrier, or health care facility may be required by law or contract in any circumstance to participate in the provision of or payment for a specific service if they object to doing so for reason of conscience or religion. No person may be discriminated against in employment or professional privileges because of such objections.

Regardless of existing EOC language, effective as of the date of this letter, Aetna must comply with California law with respect to the coverage of legal abortions.

**Required Action**

1. Aetna must review all current health plan documents to ensure that they are compliant with the Knox-Keene Act with regard to legal abortion. This includes plan documents previously approved or not objected to by the DMHC.

   In regards to coverage for abortion services, the descriptors cited below are inconsistent with the Knox-Keene Act and the California Constitution. Aetna must amend current health plan documents to remove discriminatory coverage exclusions and limitations. These limitations or exclusions include, but are not limited to, any exclusion of coverage for "voluntary" or "elective" abortions and/or any limitation of coverage to only "therapeutic" or "medically necessary" abortions. Aetna may, consistent with the law, omit any mention of coverage for abortion services in health plan documents, as abortion is a basic health care service.

2. To demonstrate compliance, health plans are directed to file any revised relevant health plan documents (e.g. EOCs, subscriber documents, etc.) with the Department as an Amendment to the health plan's license within 90 days of the date of this letter. The filing should highlight as well as underline the changes to the text as required by the California Code of Regulations, title 28, §1300.52(d).

**Authority Cited**

California Constitution, article 1, section 1; Health and Safety Code §1340, et seq. and Health and Safety Code §123460 et seq., and implementing regulations.

If you have any questions concerning the guidance issued in this letter, please contact your Plan's Office of Plan Licensing reviewer.

Sincerely,

*Michelle Rouillard*

MICHELLE ROUILLARD
Director
Department of Managed Health Care

cc: Mary V. Anderson, Western Region General Counsel, Aetna Health of California, Inc.



Edmund G. Brown Jr., Governor
State of California
Health and Human Services Agency

**Department of Managed Health Care**
980 9th Street, Suite 500
Sacramento, CA 95814-2725
Phone: (916) 324-8176
Fax: (916) 255-5241

August 22, 2014

**VIA ELECTRONIC MAIL & U.S. MAIL**

Mark Morgan
California President of Anthem Blue Cross
Blue Cross of California, dba Anthem Blue Cross
21555 Oxnard Street
Woodland Hills, CA 91367

Re: Limitations or Exclusions of Abortion Services

Dear Mr. Morgan:

It has come to the attention of the Department of Managed Health Care (DMHC) that some Blue Cross of California (Blue Cross) contracts contain language that may discriminate against women by limiting or excluding coverage for termination of pregnancies. The DMHC has reviewed the relevant legal authorities and has concluded that it erroneously approved or did not object to such discriminatory language in some evidence of coverage (EOC) filings. The DMHC has performed a survey and has discovered that such language is present in EOCs for products covering a very small fraction of California health plan enrollees.

The purpose of this letter is to remind plans that the Knox-Keene Health Care Service Plan Act of 1975[1] (Knox Keene Act) requires the provision of basic health care services and the California Constitution prohibits health plans from discriminating against women who choose to terminate a pregnancy. Thus, all health plans must treat maternity services and legal abortion neutrally.

Exclusions and limitations are also incompatible with both the California Reproductive Privacy Act and multiple California judicial decisions that have unambiguously established under the California Constitution that every pregnant woman has the fundamental right to choose to either bear a child or to have a legal abortion.[2,3] A health plan is not required to cover abortions that would be unlawful under Health & Safety Code § 123468.

---

[1] Health & Safety Code § 1340, et seq.
[2] Consistent with 42 U.S.C. § 18054(a)(6), this letter shall not apply to a Multi-State Plan.
[3] Although health plans are required to cover legal abortions, no individual health care provider, religiously sponsored health carrier, or health care facility may be required by law or contract in any circumstance to participate in the provision of or payment for a specific service if they object to doing so for reason of conscience or religion. No person may be discriminated against in employment or professional privileges because of such objections.

Mr. Mark Morgan
August 22, 2014
Page 2

Regardless of existing EOC language, effective as of the date of this letter, Blue Cross must comply with California law with respect to the coverage of legal abortions.

**Required Action**

1. Blue Cross must review all current health plan documents to ensure that they are compliant with the Knox-Keene Act with regard to legal abortion. This includes plan documents previously approved or not objected to by the DMHC.

   In regards to coverage for abortion services, the descriptors cited below are inconsistent with the Knox-Keene Act and the California Constitution. Blue Cross must amend current health plan documents to remove discriminatory coverage exclusions and limitations. These limitations or exclusions include, but are not limited to, any exclusion of coverage for "voluntary" or "elective" abortions and/or any limitation of coverage to only "therapeutic" or "medically necessary" abortions. Blue Cross may, consistent with the law, omit any mention of coverage for abortion services in health plan documents, as abortion is a basic health care service.

2. To demonstrate compliance, health plans are directed to file any revised relevant health plan documents (e.g. EOCs, subscriber documents, etc.) with the Department as an Amendment to the health plan's license within 90 days of the date of this letter. The filing should highlight as well as underline the changes to the text as required by the California Code of Regulations, title 28, §1300.52(d).

**Authority Cited**

California Constitution, article 1, section 1; Health and Safety Code §1340, et seq. and Health and Safety Code §123460 et seq., and implementing regulations.

If you have any questions concerning the guidance issued in this letter, please contact your Plan's Office of Plan Licensing reviewer.

Sincerely,

*Michelle Rouillard*

MICHELLE ROUILLARD
Director
Department of Managed Health Care

cc: Terry German, Associate General Counsel, Blue Cross of California



Edmund G. Brown Jr., Governor
State of California
Health and Human Services Agency

Department of Managed Health Care
980 9th Street, Suite 500
Sacramento, CA 95814-2725
Phone: (916) 324-8176
Fax: (916) 255-5241

August 22, 2014

**VIA ELECTRONIC MAIL & U.S. MAIL**

Paul Markovich
President and Chief Executive Officer
California Physicians' Service, dba Blue Shield of California
50 Beale Street
San Francisco, CA 94105

Re: Limitations or Exclusions of Abortion Services

Dear Mr. Markovich:

It has come to the attention of the Department of Managed Health Care (DMHC) that some California Physicians' Service, dba Blue Shield of California (Blue Shield) contracts contain language that may discriminate against women by limiting or excluding coverage for termination of pregnancies. The DMHC has reviewed the relevant legal authorities and has concluded that it erroneously approved or did not object to such discriminatory language in some evidence of coverage (EOC) filings. The DMHC has performed a survey and has discovered that such language is present in EOCs for products covering a very small fraction of California health plan enrollees.

The purpose of this letter is to remind plans that the Knox-Keene Health Care Service Plan Act of 1975[1] (Knox Keene Act) requires the provision of basic health care services and the California Constitution prohibits health plans from discriminating against women who choose to terminate a pregnancy. Thus, all health plans must treat maternity services and legal abortion neutrally.

Exclusions and limitations are also incompatible with both the California Reproductive Privacy Act and multiple California judicial decisions that have unambiguously established under the California Constitution that every pregnant woman has the fundamental right to choose to either bear a child or to have a legal abortion.[2,3]  A health plan is not required to cover abortions that would be unlawful under Health & Safety Code § 123468.

---

[1] Health & Safety Code § 1340, et seq.
[2] Consistent with 42 U.S.C. § 18054(a)(6), this letter shall not apply to a Multi-State Plan.
[3] Although health plans are required to cover legal abortions, no individual health care provider, religiously sponsored health carrier, or health care facility may be required by law or contract in any circumstance to participate in the provision of or payment for a specific service if they object to doing so for reason of conscience or religion. No person may be discriminated against in employment or professional privileges because of such objections.

Regardless of existing EOC language, effective as of the date of this letter, Blue Shield must comply with California law with respect to the coverage of legal abortions.

**Required Action**

1. Blue Shield must review all current health plan documents to ensure that they are compliant with the Knox-Keene Act with regard to legal abortion. This includes plan documents previously approved or not objected to by the DMHC.

   In regards to coverage for abortion services, the descriptors cited below are inconsistent with the Knox-Keene Act and the California Constitution. Blue Shield must amend current health plan documents to remove discriminatory coverage exclusions and limitations. These limitations or exclusions include, but are not limited to, any exclusion of coverage for "voluntary" or "elective" abortions and/or any limitation of coverage to only "therapeutic" or "medically necessary" abortions. Blue Shield may, consistent with the law, omit any mention of coverage for abortion services in health plan documents, as abortion is a basic health care service.

2. To demonstrate compliance, health plans are directed to file any revised relevant health plan documents (e.g. EOCs, subscriber documents, etc.) with the Department as an Amendment to the health plan's license within 90 days of the date of this letter. The filing should highlight as well as underline the changes to the text as required by the California Code of Regulations, title 28, §1300.52(d).

**Authority Cited**

California Constitution, article 1, section 1; Health and Safety Code §1340, et seq. and Health and Safety Code §123460 et seq., and implementing regulations.

If you have any questions concerning the guidance issued in this letter, please contact your Plan's Office of Plan Licensing reviewer.

Sincerely,

*Michelle Rouillard*

MICHELLE ROUILLARD  
Director  
Department of Managed Health Care

cc: Kathleen Lynaugh, Associate General Counsel, California Physicians' Service, dba Blue Shield of California



Edmund G. Brown Jr., Governor
State of California
Health and Human Services Agency

**Department of Managed Health Care**
980 9th Street, Suite 500
Sacramento, CA 95814-2725
Phone: (916) 324-8176
Fax: (916) 255-5241

August 22, 2014

**VIA ELECTRONIC MAIL & U.S. MAIL**

Michael Myers
Chief Executive Officer
GEMCare Health Plan, Inc., dba ERD, Inc., Physicians Choice by GEMCare Health Plan
4550 California Avenue, Suite 100
Bakersfield, CA 93309

Re: Limitations or Exclusions of Abortion Services

Dear Mr. Myers:

It has come to the attention of the Department of Managed Health Care (DMHC) that some GEMCare Health Plan, Inc., dba ERD, Inc., Physicians Choice by GEMCare Health Plan (GEMCare) contracts contain language that may discriminate against women by limiting or excluding coverage for termination of pregnancies. The DMHC has reviewed the relevant legal authorities and has concluded that it erroneously approved or did not object to such discriminatory language in some evidence of coverage (EOC) filings. The DMHC has performed a survey and has discovered that such language is present in EOCs for products covering a very small fraction of California health plan enrollees.

The purpose of this letter is to remind plans that the Knox-Keene Health Care Service Plan Act of 1975[1] (Knox Keene Act) requires the provision of basic health care services and the California Constitution prohibits health plans from discriminating against women who choose to terminate a pregnancy. Thus, all health plans must treat maternity services and legal abortion neutrally.

Exclusions and limitations are also incompatible with both the California Reproductive Privacy Act and multiple California judicial decisions that have unambiguously established under the California Constitution that every pregnant woman has the fundamental right to choose to either bear a child or to have a legal abortion.[2,3] A health plan is not required to cover abortions that would be unlawful under Health & Safety Code § 123468.

---

[1] Health & Safety Code § 1340, et seq.
[2] Consistent with 42 U.S.C. § 18054(a)(6), this letter shall not apply to a Multi-State Plan.
[3] Although health plans are required to cover legal abortions, no individual health care provider, religiously sponsored health carrier, or health care facility may be required by law or contract in any circumstance to participate in the provision of or payment for a specific service if they object to doing so for reason of conscience or religion. No person may be discriminated against in employment or professional privileges because of such objections.

Regardless of existing EOC language, effective as of the date of this letter, GEMCare must comply with California law with respect to the coverage of legal abortions.

**Required Action**

1. GEMCare must review all current health plan documents to ensure that they are compliant with the Knox-Keene Act with regard to legal abortion. This includes plan documents previously approved or not objected to by the DMHC.

   In regards to coverage for abortion services, the descriptors cited below are inconsistent with the Knox-Keene Act and the California Constitution. GEMCare must amend current health plan documents to remove discriminatory coverage exclusions and limitations. These limitations or exclusions include, but are not limited to, any exclusion of coverage for "voluntary" or "elective" abortions and/or any limitation of coverage to only "therapeutic" or "medically necessary" abortions. GEMCare may, consistent with the law, omit any mention of coverage for abortion services in health plan documents, as abortion is a basic health care service.

2. To demonstrate compliance, health plans are directed to file any revised relevant health plan documents (e.g. EOCs, subscriber documents, etc.) with the Department as an Amendment to the health plan's license within 90 days of the date of this letter. The filing should highlight as well as underline the changes to the text as required by the California Code of Regulations, title 28, §1300.52(d).

**Authority Cited**

California Constitution, article 1, section 1; Health and Safety Code §1340, et seq. and Health and Safety Code §123460 et seq., and implementing regulations.

If you have any questions concerning the guidance issued in this letter, please contact your Plan's Office of Plan Licensing reviewer.

Sincerely,

*Michelle Rouillard*

MICHELLE ROUILLARD
Director
Department of Managed Health Care



Edmund G. Brown Jr., Governor
State of California
Health and Human Services Agency

**Department of Managed Health Care**
980 9th Street, Suite 500
Sacramento, CA 95814-2725
Phone: (916) 324-8176
Fax: (916) 255-5241

August 22, 2014

**VIA ELECTRONIC MAIL & U.S. MAIL**

Steven Sell
President, Western Region Health Plan and President, Health Net of California, Inc.
Health Net of California, Inc.
21281 Burbank Blvd.
Woodland Hills, CA 91367

Re: Limitations or Exclusions of Abortion Services

Dear Mr. Sell:

It has come to the attention of the Department of Managed Health Care (DMHC) that some Health Net of California, Inc. (Health Net) contracts contain language that may discriminate against women by limiting or excluding coverage for termination of pregnancies. The DMHC has reviewed the relevant legal authorities and has concluded that it erroneously approved or did not object to such discriminatory language in some evidence of coverage (EOC) filings. The DMHC has performed a survey and has discovered that such language is present in EOCs for products covering a very small fraction of California health plan enrollees.

The purpose of this letter is to remind plans that the Knox-Keene Health Care Service Plan Act of 1975[1] (Knox Keene Act) requires the provision of basic health care services and the California Constitution prohibits health plans from discriminating against women who choose to terminate a pregnancy. Thus, all health plans must treat maternity services and legal abortion neutrally.

Exclusions and limitations are also incompatible with both the California Reproductive Privacy Act and multiple California judicial decisions that have unambiguously established under the California Constitution that every pregnant woman has the fundamental right to choose to either bear a child or to have a legal abortion.[2,3] A health plan is not required to cover abortions that would be unlawful under Health & Safety Code § 123468.

---

[1] Health & Safety Code § 1340, et seq.
[2] Consistent with 42 U.S.C. § 18054(a)(6), this letter shall not apply to a Multi-State Plan.
[3] Although health plans are required to cover legal abortions, no individual health care provider, religiously sponsored health carrier, or health care facility may be required by law or contract in any circumstance to participate in the provision of or payment for a specific service if they object to doing so for reason of conscience or religion. No person may be discriminated against in employment or professional privileges because of such objections.

Mr. Steven Sell
August 22, 2014
Page 2

Regardless of existing EOC language, effective as of the date of this letter, Health Net must comply with California law with respect to the coverage of legal abortions.

**Required Action**

1. Health Net must review all current health plan documents to ensure that they are compliant with the Knox-Keene Act with regard to legal abortion. This includes plan documents previously approved or not objected to by the DMHC.

    In regards to coverage for abortion services, the descriptors cited below are inconsistent with the Knox-Keene Act and the California Constitution. Health Net must amend current health plan documents to remove discriminatory coverage exclusions and limitations. These limitations or exclusions include, but are not limited to, any exclusion of coverage for "voluntary" or "elective" abortions and/or any limitation of coverage to only "therapeutic" or "medically necessary" abortions. Health Net may, consistent with the law, omit any mention of coverage for abortion services in health plan documents, as abortion is a basic health care service.

2. To demonstrate compliance, health plans are directed to file any revised relevant health plan documents (e.g. EOCs, subscriber documents, etc.) with the Department as an Amendment to the health plan's license within 90 days of the date of this letter. The filing should highlight as well as underline the changes to the text as required by the California Code of Regulations, title 28, §1300.52(d).

**Authority Cited**

California Constitution, article 1, section 1; Health and Safety Code §1340, et seq. and Health and Safety Code §123460 et seq., and implementing regulations.

If you have any questions concerning the guidance issued in this letter, please contact your Plan's Office of Plan Licensing reviewer.

Sincerely,

*Michelle Rouillard*

MICHELLE ROUILLARD
Director
Department of Managed Health Care

cc: Douglas Schur, Vice President, Chief Regulatory Counsel, Health Net of California, Inc.



Edmund G. Brown Jr., Governor
State of California
Health and Human Services Agency

**Department of Managed Health Care**
980 9th Street, Suite 500
Sacramento, CA 95814-2725
Phone: (916) 324-8176
Fax: (916) 255-5241

August 22, 2014

**VIA ELECTRONIC MAIL & U.S. MAIL**

Wade J. Overgaard
Senior Vice President, California Health Plan Operations
Kaiser Foundation Health Plan, Inc., dba Kaiser Foundation, Permanente Medical Care Program
1950 Franklin Street, 20th Floor
Oakland, CA 94612

Re: Limitations or Exclusions of Abortion Services

Dear Mr. Overgaard:

It has come to the attention of the Department of Managed Health Care (DMHC) that some Kaiser Foundation Health Plan, Inc., dba Kaiser Foundation, Permanente Medical Care Program (Kaiser) contracts contain language that may discriminate against women by limiting or excluding coverage for termination of pregnancies. The DMHC has reviewed the relevant legal authorities and has concluded that it erroneously approved or did not object to such discriminatory language in some evidence of coverage (EOC) filings. The DMHC has performed a survey and has discovered that such language is present in EOCs for products covering a very small fraction of California health plan enrollees.

The purpose of this letter is to remind plans that the Knox-Keene Health Care Service Plan Act of 1975[1] (Knox Keene Act) requires the provision of basic health care services and the California Constitution prohibits health plans from discriminating against women who choose to terminate a pregnancy. Thus, all health plans must treat maternity services and legal abortion neutrally.

Exclusions and limitations are also incompatible with both the California Reproductive Privacy Act and multiple California judicial decisions that have unambiguously established under the California Constitution that every pregnant woman has the fundamental right to choose to either bear a child or to have a legal abortion.[2,3]  A health plan is not required to cover abortions that would be unlawful under Health & Safety Code § 123468.

---

[1] Health & Safety Code § 1340, et seq.
[2] Consistent with 42 U.S.C. § 18054(a)(6), this letter shall not apply to a Multi-State Plan.
[3] Although health plans are required to cover legal abortions, no individual health care provider, religiously sponsored health carrier, or health care facility may be required by law or contract in any circumstance to participate in the provision of or payment for a specific service if they object to doing so for reason of conscience or religion. No person may be discriminated against in employment or professional privileges because of such objections.

Regardless of existing EOC language, effective as of the date of this letter, Kaiser must comply with California law with respect to the coverage of legal abortions.

**Required Action**

1. Kaiser must review all current health plan documents to ensure that they are compliant with the Knox-Keene Act with regard to legal abortion. This includes plan documents previously approved or not objected to by the DMHC.

   In regards to coverage for abortion services, the descriptors cited below are inconsistent with the Knox-Keene Act and the California Constitution. Kaiser must amend current health plan documents to remove discriminatory coverage exclusions and limitations. These limitations or exclusions include, but are not limited to, any exclusion of coverage for "voluntary" or "elective" abortions and/or any limitation of coverage to only "therapeutic" or "medically necessary" abortions. Kaiser may, consistent with the law, omit any mention of coverage for abortion services in health plan documents, as abortion is a basic health care service.

2. To demonstrate compliance, health plans are directed to file any revised relevant health plan documents (e.g. EOCs, subscriber documents, etc.) with the Department as an Amendment to the health plan's license within 90 days of the date of this letter. The filing should highlight as well as underline the changes to the text as required by the California Code of Regulations, title 28, §1300.52(d).

**Authority Cited**

California Constitution, article 1, section 1; Health and Safety Code §1340, et seq. and Health and Safety Code §123460 et seq., and implementing regulations.

If you have any questions concerning the guidance issued in this letter, please contact the Office of Plan Licensing reviewer.

Sincerely,

*Michelle Rouillard*

MICHELLE ROUILLARD
Director
Department of Managed Health Care

cc: Deborah Espinal, Executive Director of Policy, Kaiser Foundation Health Plan, Inc.



Edmund G. Brown Jr., Governor
State of California
Health and Human Services Agency

**Department of Managed Health Care**
980 9th Street, Suite 500
Sacramento, CA 95814-2725
Phone: (916) 324-8176
Fax: (916) 255-5241

August 22, 2014

**VIA ELECTRONIC MAIL & U.S. MAIL**

Brandon Cuevas
UnitedHealthcare of California, President and CEO
UHC of California
5995 Plaza Drive
Cypress, CA 92630

Re: Limitations or Exclusions of Abortion Services

Dear Mr. Cuevas:

It has come to the attention of the Department of Managed Health Care (DMHC) that some UHC of California (UHC) contracts contain language that may discriminate against women by limiting or excluding coverage for termination of pregnancies. The DMHC has reviewed the relevant legal authorities and has concluded that it erroneously approved or did not object to such discriminatory language in some evidence of coverage (EOC) filings. The DMHC has performed a survey and has discovered that such language is present in EOCs for products covering a very small fraction of California health plan enrollees.

The purpose of this letter is to remind plans that the Knox-Keene Health Care Service Plan Act of 1975[1] (Knox Keene Act) requires the provision of basic health care services and the California Constitution prohibits health plans from discriminating against women who choose to terminate a pregnancy. Thus, all health plans must treat maternity services and legal abortion neutrally.

Exclusions and limitations are also incompatible with both the California Reproductive Privacy Act and multiple California judicial decisions that have unambiguously established under the California Constitution that every pregnant woman has the fundamental right to choose to either bear a child or to have a legal abortion.[2,3]  A health plan is not required to cover abortions that would be unlawful under Health & Safety Code § 123468.

---

[1] Health & Safety Code § 1340, et seq.
[2] Consistent with 42 U.S.C. § 18054(a)(6), this letter shall not apply to a Multi-State Plan.
[3] Although health plans are required to cover legal abortions, no individual health care provider, religiously sponsored health carrier, or health care facility may be required by law or contract in any circumstance to participate in the provision of or payment for a specific service if they object to doing so for reason of conscience or religion. No person may be discriminated against in employment or professional privileges because of such objections.

Mr. Brandon Cuevas
August 22, 2014
Page 2

Regardless of existing EOC language, effective as of the date of this letter, UHC must comply with California law with respect to the coverage of legal abortions.

**Required Action**

1. UHC must review all current health plan documents to ensure that they are compliant with the Knox-Keene Act with regard to legal abortion. This includes plan documents previously approved or not objected to by the DMHC.

   In regards to coverage for abortion services, the descriptors cited below are inconsistent with the Knox-Keene Act and the California Constitution. UHC must amend current health plan documents to remove discriminatory coverage exclusions and limitations. These limitations or exclusions include, but are not limited to, any exclusion of coverage for "voluntary" or "elective" abortions and/or any limitation of coverage to only "therapeutic" or "medically necessary" abortions. UHC may, consistent with the law, omit any mention of coverage for abortion services in health plan documents, as abortion is a basic health care service.

2. To demonstrate compliance, health plans are directed to file any revised relevant health plan documents (e.g. EOCs, subscriber documents, etc.) with the Department as an Amendment to the health plan's license within 90 days of the date of this letter. The filing should highlight as well as underline the changes to the text as required by the California Code of Regulations, title 28, §1300.52(d).

**Authority Cited**

California Constitution, article 1, section 1; Health and Safety Code §1340, et seq. and Health and Safety Code §123460 et seq., and implementing regulations.

If you have any questions concerning the guidance issued in this letter, please contact the Office of Plan Licensing reviewer.

Sincerely,

*Michelle Rouillard*

MICHELLE ROUILLARD
Director
Department of Managed Health Care

cc: Elizabeth Hays, Director, Regulatory Affairs, UHC of California