XAVIER BECERRA, State Bar No. 118517
Attorney General of California
SUSAN M. CARSON, State Bar No. 135875
Supervising Deputy Attorney General
JOSHUA N. SONDHEIMER, State Bar No. 152000
HADARA R. STANTON, State Bar No. 227040
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-4420
  Fax:  (415) 703-5480
  E-mail:  Joshua.Sondheimer@doj.ca.gov
*Attorneys for Defendant Michelle Rouillard, in her official capacity as Director of the California Department of Managed Health Care*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FOOTHILL CHURCH, CALVARY CHAPEL OF CHINO HILLS and SHEPHERD OF THE HILLS CHURCH,**<br><br>                      Plaintiffs,<br><br>        v.<br><br>**MICHELLE ROUILLARD, in her official capacity as Director of the California Department of Managed Health Care,**<br><br>                      Defendant. | 2:15-CV-02165-KJM-EFB<br><br>**DEFENDANT'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

Defendant Michelle Rouillard, in her official capacity as Director of the California Department of Managed Health Care (DMHC), requests that the Court take judicial notice of the Order on Cross-Motions for Summary Judgment (Order) issued on March 9, 2018 by United States District Judge Cathy Ann Bencivengo of the United States District Court for the Southern District of California in *Skyline Wesleyan Church v. California Department of Managed Health Care,* S.D. Cal. No. 3:16-cv-00501-CAB-(DHB) (*Skyline*). A true and correct copy of the Order is attached hereto as Exhibit D, continuing in order from the DMHC's previously submitted Request for Judicial Notice in Support of Motion to Dismiss Second Amended Complaint, ECF No. 76.

Judicial notice is appropriate where a fact is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Judicial notice is mandatory "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Under Rule 201, judicial notice may properly be taken of court orders in other matters. *See United States v. Navarro*, 800 F.3d 1104, 1109 n.3 (9th Cir. 2015) (taking judicial notice of district court orders in other matters).

As the Court is aware, the *Skyline* action is closely related to the present action, as plaintiff in *Skyline* challenges the same action by the DMHC at issue in this matter, and does so on the same grounds, among others, as Plaintiffs in this action. In the *Skyline* court's Order, the district court granted the DMHC's motion for summary judgment on the grounds that plaintiff's claim failed to meet both the constitutional and prudential components of ripeness, and because plaintiff failed to establish standing because it cannot demonstrate a substantial likelihood that the relief it seeks will redress its alleged injury. Order at 6-16.

The Order is relevant to the Director's argument that Plaintiffs in this action lack standing, among other things, because Plaintiffs cannot demonstrate a substantial likelihood that their injuries will be addressed by a favorable decision. (Mot. [ECF 75] at 6-8; Reply [ECF 78] at 3.) The Order's discussion of the ripeness issue also is relevant because ripeness "in many cases 'coincides squarely with standing's injury in fact prong' and 'can be characterized as standing on

a timeline.'" *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1122 (9th Cir. 2009) (quoting *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc)). Moreover, because standing and ripeness go to the Court's jurisdiction, those issues may be raised and considered at any time, including by the Court on its own motion. *See Stormans*, 586 F.3d at 1119 (standing and ripeness "may be raised and considered for the first time on appeal, including sua sponte"); *DBSI/TRI IV Ltd. Partnership v. United States*, 465 F.3d 1031, 1038 (9th Cir. 2006) ("Standing, mootness, and ripeness are jurisdictional issues that may be raised at any time . . . .").

      For the foregoing reasons, the Director respectfully requests that the Court take judicial notice of the district court's Order in *Skyline* at Exhibit D.

Dated: March 23, 2018                    Respectfully Submitted,

                                                            XAVIER BECERRA
                                                             Attorney General of California
                                                             SUSAN M. CARSON
                                                             Supervising Deputy Attorney General

                                                             ***/s/ Joshua Sondheimer***
                                                             JOSHUA N. SONDHEIMER
                                                             HADARA R. STANTON
                                                             Deputy Attorneys General
                                                             *Attorneys for Defendant Michelle Rouillard, Director, Department of Managed Health Care*

SF2015403026
SuppRJN.docx