1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  KARLI EISENBERG, State Bar No. 281923
   Supervising Deputy Attorney General
3  HAYLEY PENAN, State Bar No. 313693
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone:  (916) 210-7785
6    Fax:  (916) 324-5567
     E-mail:  Hayley.Penan@doj.ca.gov
7  *Attorneys for Defendant Mary Watanabe, in her*
   *official capacity as Director of the California*
8  *Department of Managed Health Care*

9

10                    IN THE UNITED STATES DISTRICT COURT

11                    FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13

| | |
|---|---|
| 14  **FOOTHILL CHURCH, CALVARY CHAPEL OF CHINO HILLS and SHEPHERD OF THE HILLS CHURCH,** | 2:15-CV-02165-KJM-EFB |
| 15 | **STIPULATED PROTECTIVE ORDER** |
| 16                                    Plaintiffs, | |
| 17         **v.** | Action Filed:  October 23, 2017 |
| 18 | |
| 19  **MARY WATANABE, in her official capacity as Director of the California Department of Managed Health Care,** | |
| 20                                    Defendant. | |
| 21 | |

22

23         Based upon the Joint Motion Regarding Confidential Information entered into between

24  Plaintiffs Foothill Church, Calvary Chapel of Chino Hills, and Shepherd of the Hills Church and

25  Defendant Mary Watanabe, in her official capacity as Director of the California Department of

26  Managed Health Care ("DMHC") and good cause appearing therefor, this Court hereby orders as

27  follows:

28         The Parties' Stipulation, copied below, is incorporated herein as an order of this Court.

                                              1

The Parties' Stipulation:

This Stipulation Regarding Confidential Information ("Stipulation") is entered into between Plaintiffs Foothill Church, Calvary Chapel of Chino Hills, and Shepherd of the Hills Church and Defendant Mary Watanabe, in her official capacity as Director of the California Department of Managed Health Care (DMHC) by and through their respective counsel of record. Defendant and Plaintiffs hereby stipulate and agree as follows:

1. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and it appearing that discovery in this action will involve the CONFIDENTIAL (defined below) information disclosed in the record in *Skyline Wesleyan Church v. California Department of Managed Healthcare, et al.*, Case No. 16-CV-501 TWR (MSB) (S.D. Cal.) (pursuant to the Stipulation and Order Setting Summary Judgment Briefing Schedule), it is hereby stipulated by and between Plaintiffs and Defendant, collectively referred to as the "Parties" and individually as "Party," through their respective counsel, that CONFIDENTIAL information shall be handled in the manner indicated herein under the terms and conditions set forth below:

2. "Designating Party" means any one of the Parties that produced Documents or information under this Stipulation and any Protective Order thereon, and/or under the Stipulation entered in the related matter of *Skyline Wesleyan Church v. California Department of Managed Healthcare, et al.*, Case No. 16-CV-501 TWR (MSB) (S.D. Cal.).

3. "Document" or "Documents" shall have the broadest meaning permitted under Rules 26 and 34 of the Federal Rules of Civil Procedure, Rule 1001 of the Federal Rules of Evidence, and relevant case law.

4. "CONFIDENTIAL" information includes the following categories of information, from this matter or *Skyline Wesleyan Church v. California Department of Managed Healthcare, et al.*, Case No. 16-CV-501 TWR (MSB) (S.D. Cal.), and shall include Documents produced during discovery, answers to interrogatories, responses to requests for admissions, depositions, hearing or trial transcripts, and tangible things, the information contained therein, and all copies, abstracts, excerpts, analyses, or other writings that contain, reflect, or disclose such information.

2

1   A. "CONFIDENTIAL" designates information that a Designating Party reasonably

2 believes in good faith contains or discloses non-public information that is entitled to

3 confidential treatment under applicable law, including, but not limited to, protected health

4 information, personally identifiable information, proprietary, financial, or commercial

5 information, and information about individuals which is not already known or readily

6 available to the general public.

7   5. This Stipulation and any Protective Order thereon, shall apply to all

8 CONFIDENTIAL information exchanged by any Party, including, without limitation,

9 Documents, things, other discovery materials, transcripts, depositions, testimony, or other papers

10 produced, filed, generated, reviewed, or served by a Party in this litigation.

11   6. All CONFIDENTIAL information designated as confidential hereunder shall have

12 stamped or affixed on each page "CONFIDENTIAL" at the time such materials, or copies

13 thereof, are delivered by the Designating Party to the receiving Party, or within ten (10) court

14 days thereafter in the event such labeling or marking is inadvertently omitted.  Until ten (10) court

15 days have elapsed after receipt of any DOCUMENTS or information, the receiving Party will

16 treat Documents and information that have been received and that have not been designated

17 "CONFIDENTIAL" as if they had been designated with the "CONFIDENTIAL."  The Parties

18 will use due care to designate CONFIDENTIAL only DOCUMENTS, information, or other

19 materials that truly encompass such information.

20   7. CONFIDENTIAL Information that has been classified as "CONFIDENTIAL" may

21 be disclosed only to the following:

22   A. Outside counsel for the receiving Party and their clerical and paralegal staffs

23 and litigation support providers (for example, outside copy services, coding and imaging

24 vendors, graphic art and visual aid providers, or jury consultants) whose duties and

25 responsibilities require access to CONFIDENTIAL information;

26   B. Plaintiffs and Defendant, and the representatives and employees of each;

27 / / /

28 / / /

C.    Experts and consultants who are requested by counsel of the receiving Party to furnish technical, legal, expert, or other specialized services in connection with this litigation;

D.    The Court and court personnel;

E.    Trial and deposition witnesses;

F.    An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other lay personnel of such officer; and

G.    Any other person to whom the parties agree in writing or as allowed by the Court.

8.    No CONFIDENTIAL information shall be provided to any person identified in subpart B or C of Paragraph 7 hereof until each such person has been provided with a copy of this Stipulation and has signed the Certification attached hereto as Exhibit A.

9.    Designations of Discovery

A.    Depositions that have been designated as CONFIDENTIAL information are CONFIDENTIAL in accordance with this Stipulation, if they were designated as CONFIDENTIAL under the following circumstances: (a) in the course of the deposition, orally on the record; or (b) by notification of the other Party in writing, within ten (10) court days of receipt of the transcript by the parties, of the pages and lines of the transcript that contain the CONFIDENTIAL information.

B.    Answers to interrogatories and requests for admission that have been designated as "CONFIDENTIAL" by marking the Documents in a manner described in Paragraph 6 of this Stipulation are CONFIDENTIAL for purposes of this Stipulation.

C.    Notwithstanding Paragraphs 7 and 8 above, other persons may be shown a specific item of CONFIDENTIAL information of the producing Party if such persons are identified in that specific item, or on any attachment thereto, as being the author, or as having previously received a copy of an exact duplicate of said specific item.

/ / /

/ / /

4

D.      Notwithstanding Paragraph 7, other persons may be shown a specific item of CONFIDENTIAL information if such persons are past or present employees of the producing Party.

10.     Compliance with Eastern District Civil Local Rules (L.R.) 138, 141, and 141.1 and Chief Judge Kimberly J. Mueller's Standing Orders

A.      All deposition transcripts, exhibits, answers to interrogatories, and other Documents that have previously been designated by a Party as comprising or containing CONFIDENTIAL information, or any pleading, brief, or memorandum purporting to reproduce or paraphrase such material, shall be submitted for filing only under the procedure set forth in L.R. 141.

B.      No document will be sealed, nor shall a redacted document be filed, without the prior approval of the court.  If a document for which sealing or redaction is sought relates to the record on a motion to be decided by Chief Judge Mueller, the request to seal or redact should be directed to her and not the assigned Magistrate Judge.  All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the discovery phase of litigation shall not govern the filing of sealed or redacted documents on the public docket.  The court will only consider requests to seal or redact filed by the proponent of sealing or redaction.  If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

C.      CONFIDENTIAL Documents and things that are accepted for filing under seal by the Court shall be treated in accordance with L.R. 138(a)(2), L.R. 141, and L.R. 141.1.

D.      However, any document that is not CONFIDENTIAL in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the CONFIDENTIAL portions of the document, shall be filed.

/ / /

5

11.     If the receiving Party disagrees with the CONFIDENTIAL or redacted status of any Document or other material, the receiving Party will notify and confer with the producing Party to request reclassification or redaction of the Document or material.  If no agreement has been reached within ten (10) court days of such notification or a later date if agreed to in writing by the Parties, the receiving Party may thereafter make a request of the Court for an order reclassifying the confidentiality designation and/or removing such Document or other material from the restrictions of this Stipulation.

If such a request is made, the Party seeking to maintain a confidentiality classification bears the burden of establishing that the restrictions of this Stipulation should apply to such CONFIDENTIAL information.

12.     Privileged Information and Inadvertent Disclosure of Privileged Information ("Claw Back Provision")

A.     Nothing in this Stipulation shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, deliberative process privilege, or any other privilege, doctrine, or immunity, nor does this Stipulation result in any Party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

B.     Inadvertent production of information subject to the attorney-client privilege, work-product doctrine, deliberative process privilege, or any other privilege shall not constitute a waiver of any claim for protection under the privileges, provided that the provisions of this paragraph are satisfied.

i.     If the producing Party discovers that information produced in discovery should have been withheld on the basis of privilege, the producing Party must provide written notice to all other Parties as soon as is reasonably practicable.  In such event, the Parties must immediately:

(a)     return the privileged information along with all duplicates to the producing Party; or

/ / /

6

(b)     destroy the originals and all copies of the privileged information. The producing Party shall designate which of these approaches the Parties must follow.  Once notified of the production of privileged information, the receiving Party shall not duplicate the privileged information, nor distribute the privileged information by any means other than returning it to the producing Party or destroying it consistent with this Paragraph.  In addition, once notified of the production of privileged information, the receiving Party shall, if such material has previously been disclosed to others by the receiving Party, take reasonable steps to obtain all such previously disclosed material and advise such persons of the claims of privilege.  Within fifteen (15) days of notifying all other Parties, the producing Party must provide a privilege log to all Parties that lists the privileged information.  The receiving Party shall have no liability, under this Stipulation or otherwise, for any disclosure or use of privileged information occurring before the receiving Party was placed on notice of the producing Party's claims of privilege, provided the receiving Party did not know that the information was privileged.

ii.     If the receiving Party has a reasonable basis to believe that information received in discovery should have been withheld on the basis of privilege, the receiving Party has an affirmative obligation to provide written notice to the producing Party. The receiving Party must provide such written notice within a reasonable time period after identifying the information as privileged, but in any event, no later than seven (7) days after it discovers that privileged information was inadvertently received.

13.  The Parties agree that Documents, information or other things produced by third parties pursuant to a subpoena may be designated as "CONFIDENTIAL" by any Party upon written notice to the other.  The Designating Party need identify the Document, information or other thing

7

1    as CONFIDENTIAL information within ten (10) days after receipt by the Designating Party and

2    notify the other Party in writing.

3         14.    If CONFIDENTIAL information received in accordance with this Stipulation is

4    disclosed to any person other than in the manner authorized by this Stipulation, the Party

5    responsible for the disclosure shall immediately bring all pertinent facts relating to such

6    disclosure to the attention of all counsel of record of the Parties and, without prejudice to other

7    rights and remedies available to the producing Party, make every effort to obtain the return of the

8    disclosed CONFIDENTIAL information and prevent further disclosure of it by the person who

9    was the recipient of such information.

10        15.    This Stipulation has no effect upon, and shall not apply to, a Designating Party's use

11   or disclosure of its own discovery material obtained lawfully by such person independently of the

12   discovery proceedings in this litigation or *Skyline Wesleyan Church v. California Department of*

13   *Managed Healthcare, et al.*, Case No. 16-CV-501 TWR (MSB) (S.D. Cal.), and not otherwise

14   subject to confidentiality restrictions for any purpose.

15        16.    Unless otherwise agreed or ordered by the Court, within ninety (90) calendar days

16   after the termination of this action, Case No. 2:15-CV-02165-KJM-EFB, including any and all

17   appeals therefrom, attorneys for the receiving Party shall destroy all CONFIDENTIAL

18   information received from the other Parties to this litigation or third parties hereunder, and

19   provide the other Parties with written verification of such destruction.  Notwithstanding this

20   provision, outside counsel for each Party may maintain for archival purposes one copy of all

21   pleadings, transcripts, exhibits and written discovery responses, including portions designated

22   under this Stipulation.  Prompt written notice shall be given to a Party who produced

23   CONFIDENTIAL information hereunder if that Party's CONFIDENTIAL information is sought

24   by any person not a party to this litigation, by subpoena in another action, or by service with any

25   legal process.  Any person seeking such CONFIDENTIAL information who takes action to

26   enforce such subpoena or other legal process shall be apprised of this Stipulation and any

27   Protective Order thereon.

28   / / /

17.     This Stipulation may be changed only by written agreement of the Parties or order of the Court, and is without prejudice to the rights of a Party to seek relief from, or variation of, any of its provisions.

18.     Subject to Paragraph 16 above, the remaining provisions of this Stipulation, including the obligations to maintain confidentiality embodied herein, shall survive the final disposition of this litigation and continue in full force and effect.

19.     Upon execution of this Stipulation, the Parties will submit this Stipulation to the Court for approval of its terms and incorporation as a Protective Order Regarding Confidential Information.


IT IS SO ORDERED.

Dated:  January 14, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1   **EXHIBIT A TO STIPULATION REGARDING CONFIDENTIAL INFORMATION**

2

3   **CERTIFICATION**

4   I, _____, residing at _____,

5   _____, being duly sworn according to law, state as follows:

6   1.   I understand that designated "CONFIDENTIAL" information will be provided to me

7   in accordance with the terms and conditions and restrictions of the Stipulation, dated December

8   ___, 2021, entered into between the Parties in the case styled *Foothill Church et al., v. Mary*

9   *Watanabe*, U.S. Dist. Ct., E.D. Cal., Case No. 2:15-CV-02165-KJM-EFB ("Litigation");

10   2.   I have been given a copy of, and have read and understand, the Stipulation and any

11   Protective Order thereon, and I hereby agree to be bound by its terms;

12   3.   I agree not to disclose to others, except in accordance with the terms and conditions

13   of the Stipulation, any CONFIDENTIAL information provided to me and that such

14   CONFIDENTIAL information be used only for the purposes of this Litigation;

15   4.   I further understand and acknowledge that my obligations relative to the

16   CONFIDENTIAL information will continue even after the Litigation terminates;

17   5.   I further understand and agree that, in the event that I fail to abide by the terms of the

18   Stipulation and any Protective Order thereon, I may be subject to sanctions imposed by the Court

19   for such a failure, including sanctions by way of contempt of Court, and may be liable upon a

20   claim for damages by the Party who produced the CONFIDENTIAL information disclosed to me;

21   6.   For purposes of enforcing this Stipulation and any Protective Order thereon, I consent

22   to the jurisdiction of the federal court and/or state courts in California, and agree that service by

23   mail at the address designated above or personal service of any notice, order, or proceeding in

24   connection therewith shall be valid service upon me; and

25   7.   I certify that the foregoing statements made by me are true and correct under penalty

26   of perjury under the laws of the United States of America and the State of California.

27

28   Executed on: _____

11

1

2          By: _____

3

4          Print Name: _____

5

6     SF2015403026
      35704095.docx

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER  (2:15-CV-02165-KJM-EFB)